# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Seven Seas Shipchandlers LLC | )  ASBCA No. 60602 |
| | ) |
| Under Contract Nos. W91B4L-09-P-0318 | ) |
| W91B4L-09-P-0518 | ) |
| W91B4L-09-P-0436 | ) |
| W91B4L-09-P-0465 | ) |
| W91B4L-09-P-0585 | ) |

APPEARANCE FOR THE APPELLANT:　　　Joseph E. Schmitz, Esq.
　　　　　　　　　　　　　　　　　　　　　Schmitz & Socarras LLP
　　　　　　　　　　　　　　　　　　　　　McLean, VA

APPEARANCES FOR THE GOVERNMENT:　　Raymond M. Saunders, Esq.
　　　　　　　　　　　　　　　　　　　　　Army Chief Trial Attorney
　　　　　　　　　　　　　　　　　　　　　LTC Jose A. Cora, JA
　　　　　　　　　　　　　　　　　　　　　Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE NEWSOM

Appellant, Seven Seas Shipchandlers, LLC (Seven Seas), appeals from the deemed denial of its claim for Prompt Payment Act (PPA) interest on five contracts. Because of a dispute that ripened into a claim under the Contract Dispute Act, 41 U.S.C. §§ 7101-7109 (CDA), Seven Seas did not receive payment on these contracts until more than five years after it submitted invoices. That dispute was resolved by this Board in *Seven Seas Shipchandlers, LLC*, ASBCA No. 57875 *et al.*, 15-1 BCA ¶ 35,908 (*Seven Seas I*).

Seven Seas elected use of the Board's expedited procedures under Rule 12.2.[1] Both parties filed motions for judgment on the record pursuant to Rule 11.[2] We deny the appeal.

---

[1] A decision under Board Rule 12.2 shall have no value as precedent, and in the absence of fraud, shall be final and conclusive and may not be appealed.

[2] The government filed a motion for summary judgment on 7 September 2016, then converted it to a Motion for Judgment on the Administrative Record under Board Rule 11 (Bd. corr., gov't mot. dtd. 26 Sept. 2016). By Board order dated 13 September 2016 the appellant's 8 September 2016 Legal Memorandum Addressing the Merits of the Appeal was deemed a motion for judgment on the administrative record under Board Rule 11.

## SUMMARY FINDINGS OF FACT

The predicate for the present appeal is the Board's decision in *Seven Seas I*. Familiarity with that decision is presumed, although we highlight certain aspects of that decision that are relevant to this appeal.

1. *Seven Seas I* concerned five firm-fixed-price supply contracts that the Kandahar Regional Contracting Center awarded to appellant in 2009: Contract Nos. W91B4L-09-P-0318 (Contract 318); W91B4L-09-P-0436 (Contract 436); W91B4L-09-P-0465 (Contract 465); W91B4L-09-0518 (Contract 518); and W91B4L-09-P-0585 (Contract 585). The contracts called for appellant to provide supplies to Kandahar Air Field in Afghanistan. *Seven Seas I* at 175,527 (findings 1-3, 6).

2. Seven Seas delivered the supplies required by all five contracts and was entitled to payment on the contracts. *Seven Seas I* at 175,529 (finding 28). Seven Seas submitted invoices for payment between 1 and 9 June 2009 (R4, tab 12 at 120-24).

3. The government payment office disbursed to an individual named Muhammad Qahir (Mr. Qahir) some $240,549.90 in Afghan cash which was intended as payment to Seven Seas. *Seven Seas I* at 175,529-30 (findings 35, 37). On prior occasions, the government had disbursed cash to Mr. Qahir in payment to Seven Seas, without incident. *Id.* at 175,528 (finding 18). However, on this occasion, Mr. Qahir disappeared with Seven Seas' money and was not seen again. *Id.* at 175,530 (finding 39).

4. Seven Seas reported its money stolen. *Seven Seas I* at 175,530 (findings 40, 42)). Asserting that it never received payment, Seven Seas submitted certified claims seeking contract payments from the government. The contracting officer denied the claims. *Id.* at 175,530 (finding 46).

5. During the ensuing appeals before this Board, the government disputed Seven Seas' claims on the ground that Seven Seas had already been paid. It argued that Seven Seas failed to object on prior occasions when the government disbursed cash to Mr. Qahir that was intended for Seven Seas, therefore Mr. Qahir had apparent authority to accept payment for Seven Seas. *Seven Seas I* at 175,531-32.

6. By decision dated 4 March 2015, the Board sustained the appeals, holding that the government failed to prove that it had paid Seven Seas and that appellant was entitled to $240,579.90 plus applicable interest. *Seven Seas I* at 175,531.

7. Inferring from the foregoing findings, we find that the reason for the government's delay in payment from July 2009 to the date of the Board's decision was the dispute between the parties over whether Seven Seas had already been paid.

2

8. On 3 April 2015, Seven Seas submitted a new claim to the contracting officer seeking payment of PPA interest on the $240,579.90 principal balance (PPA Claim) (R4, tab 7).

9. In its PPA claim, appellant asserted entitlement to PPA interest from "30 days after a proper invoice" was received until 8 September 2011, the date that the Board found that the government received appellant's CDA claims (R4, tab 7 at 85-86).

10. On 26 December 2015, more than nine months after the Board's 4 March 2015 decision, the government transmitted payment to Seven Seas in the amount of $261,262.25 which included $240,579.90 in contract payments plus $20,682.35 in CDA interest measured from 8 September 2011 to the date of payment (R4, tab 14 at 1).

11. After receiving the government's payment, appellant revised its calculation of PPA interest upwards to charge PPA interest upon the CDA interest already paid, and to extend the period that PPA interest accrues, beyond the date the invoices were paid in December 2015, to some future date (R4, tab 14 at 3; compl. ¶¶ 13-23). It now claims at least $38,328.07 in PPA interest (compl. at 5).

12. The contracting officer did not issue a final decision on the PPA claim (R4, tab 17 at 139). Appellant filed this appeal on 25 May 2016 (R4, tab 17).

## DECISION

The PPA entitles vendors to interest on unpaid or delayed contract payments in certain circumstances. It provides that the head of an agency acquiring property or service from a business concern, who does not pay the concern for each complete delivered item of property or service by the required payment date, shall pay an interest penalty to the concern on the amount of the payment due, in accordance with regulations prescribed by the Secretary of the Treasury. 31 U.S.C. § 3902(a). The PPA also provides an important exception, however, stating that no PPA interest is due if the nonpayment was "*because of a dispute between the head of an agency and a business concern over the amount of payment* or compliance with the contract."[3]

---

[3] Regulations implementing the PPA repeat and reinforce this limitation. Office of Management and Budget regulations state that "[i]nterest penalties are not required...*[w]hen payment is delayed because of a dispute between a Federal agency and a vendor over the amount of the payment* or other issues concerning compliance with the terms of a contract." 5 C.F.R. § 1315.10 (emphasis added). The Federal Acquisition Regulation (FAR) further provides that "The payment office *will not pay interest penalties if payment delays are due to disagreement between the Government and contractor concerning – (i) The payment amount;* (ii) Contract compliance; or (iii) Amounts temporarily

3

31 U.S.C. § 3907(c) (emphasis added). The Act also prohibits PPA interest from accruing either after a CDA claim has been submitted, or for more than one year. 31 U.S.C. § 3907(b)(1)(B).

Here, Seven Seas seeks to charge PPA interest from June 2009, when the government received the invoices, beyond the date that the government paid the invoices to some date in the future (finding 11). The reason for the government's delay in payment was the parties' dispute over whether Seven Seas had already been paid (finding 7). This appeal thus turns on whether the prior appeals involved "a dispute between the head of an agency and a business concern over the amount of payment" within the meaning of the PPA. 31 U.S.C. § 3907(c).

We have no trouble holding that in the circumstances presented here, the matter falls squarely within the PPA exception in section 3907(c) as a dispute "over the amount of payment." The dispute centered on which party bore the risk of the theft of the money: the government, because it paid the wrong person, or Seven Seas, because it failed to notify the government of its concerns about Mr. Qahir. The amount of payment was at the heart of the parties' disagreement. From the government's perspective, the dispute concerned whether it should pay double for the same goods. From Seven Seas' perspective, the dispute concerned whether it would be paid at all. This dispute thus very much concerned the amount of payment, and falls within the PPA interest penalty exception. Our precedent generally supports the view that the PPA does not require an interest penalty in similar circumstances. *See generally Vistas Construction of Illinois, Inc.*, ASBCA No. 58479 *et al.*, 16-1 BCA ¶ 36,236 (citing authorities). Moreover, Seven Seas could not continue to accrue PPA interest for the lengthy duration that it claims (finding 11), because the PPA limits penalty interest either to the date the CDA claim was filed or for one year. 5 C.F.R. § 3901(b)(1).

Seven Seas argues that the issue in the prior dispute was "that the government never paid Seven Seas the *undisputed* amount that was *indisputably* due" (app. br. dtd. 26 Sept. 2016 at 6 (app. br.). That argument ignores the fact that the government *did* pay in June 2009. Its payment evidently did not reach Seven Seas. The dispute arose because the government objected to paying double that amount, while Seven Seas objected to receiving zero.

Seven Seas next cites *United States v. Heth*, 7 U.S. (3 Cranch 399) (1806); and *Mesa Air Group, Inc. v. Department of Transportation*, 87 F.3d 498 (D.C. Cir. 1996), arguing that the PPA is ambiguous and should be construed against the government. (app. br. at 7). Both cases are inapposite. *Heth* considered whether a statute should be applied retroactively, which is not at issue here. 7 U.S. at 402. *Mesa Air* considered

---

withheld or retained in accordance with the terms of the contract."
FAR 32.907(d)(1) (emphasis added).

4

whether certain transportation subsidy agreements were contracts or regulations. 87 F.3d at 500. It is irrelevant to this dispute.

Finally, Seven Seas argues that the government acted in bad faith by taking eight months to process the payment after the Board's decision and failing to pay PPA interest (app. br. at 12). It is not bad faith for the government to refuse to pay PPA interest when none is due. To the extent that the government took time to process the payment, appellant was compensated with additional CDA interest (finding 10).

In summary, we hold that Seven Seas is not entitled to PPA interest. We expressly do not address the government's remaining arguments: that 5 C.F.R. § 1315.10(b)(2) bars PPA interest on Contract 585 and that appellant waived any entitlement to PPA interest.

CONCLUSION

The appeal is denied.

Dated: 25 October 2016

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60602, Appeal of Seven Seas Shipchandlers, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals